2012 SEP 12 PM 4 45

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **Criminal No. 12-CR-81-F** |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL D. CARDWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING GOVERNMENT'S MOTION TO VACATE TRIAL SETTING

THIS MATTER is before the Court on the Government's Motion to Vacate the September 18, 2012 trial setting for Defendant Cardwell in this matter. The Court has reviewed the motion and is fully informed in the premises. The Court FINDS and ORDERS as follows:

### Facts

1. Defendant was indicted on March 15, 2012, for Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), Mail Fraud in Violation of 18 U.S.C. § 1341 and Mail Fraud in violation of 18 U.S.C. § 1343.

2. On March 27, 2012, Defendant Cardwell appeared with counsel in front of United States District Court Judge Skavdahl for an arraignment hearing. Defendant Cardwell entered pleas of not guilty. He was released on a $50,000 O.R. bond. Additional conditions were placed upon Defendant Cardwell, including the surrender of his passport and that he not seek to obtain a new passport while this case is pending.

3. Trial for Defendant is currently set to begin on September 18, 2012. Co-defendant Michael J. Plake is scheduled to appear in this Court to enter pleas of guilty on September 17, 2012.

4. On August 29, 2012, a warrant was issued for Defendant Cardwell for violating his conditions of pretrial release. On June 25, 2012, Defendant Cardwell applied for a U.S. Passport Book using the name of Paul D. Sappington, believed to be his birth name.

5. As of the date of the filing of this motion, Defendant Cardwell's whereabouts are unknown and he is currently a fugitive from justice.

6. The Government submits it is in the best interests of justice that the Court vacate the trial currently set for September 18, 2012, until Defendant Cardwell has been apprehended and brought to this Court to answer the Petition to Revoke Bond and the pending Indictment.

7.   Counsel for the United States has conferred with Defendant Cardwell's attorney, Mr. Robert York of Indianapolis, Indiana, and he has no objection to vacating the trial date.

### Analysis

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or Defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S. Ct. 1976, 1983 (2006). However, the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which a trial must start. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S. Ct. at 1983. The Court may exclude delay for any period of delay resulting from the absence or unavailability of the defendant. 18 U.S.C. § 3161(h)(3)(A). For purposes of this provision a defendant is "considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B).

The Court finds that based on the facts in this case, Defendant Cardwell's whereabouts are unknown and he is attempting to avoid apprehension or prosecution. Therefore the Court will exclude all delay from August 29, 2012, the date a warrant was issued for his arrest, until Mr. Cardwell has been apprehended.

**THE COURT FINDS**, based on all of the above, Defendant Cardwell is unavailable for trial in this matter. The Court will count as excludable delay all time from August 29, 2012 until Defendant is apprehended.

**IT IS ORDERED** that the motion to vacate trial is **GRANTED** and the trial scheduled for September 18, 2012, is **VACATED**.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 3161(h)(3)(A), the time period from August 29, 2012, until Defendant Cardwell is apprehended, shall be and is hereby excluded in computing the time under the Speedy Trial Act within which trial in the matter must commence.

**IT IS FINALLY ORDERED** that this matter is set for a status conference on October 15, 2012 at 1:00 p.m., unless Defendant Cardwell is apprehended at an earlier time.

Dated this 12th day of September, 2012.

_____
NANCY D. FREUDENTHAL
U.S. DISTRICT COURT JUDGE