LISA E. LESCHUCK
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. **12-CR-81-F** |
| | ) | |
| **PAUL D. CARDWELL,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUSPEND ANY SPEEDY TRIAL SETTING

The United States of America, by and through its attorney, Lisa E. Leschuck, Assistant United States Attorney for the District of Wyoming, moves for an order vacating the trial setting of September 18, 2012. As grounds for this motion, the government respectfully submits the following:

1.      On March 15, 2012, an Indictment was filed against Defendant Paul D. Cardwell and his Co-defendant Michael J. Plake, charging them with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); mail fraud in violation of 18 U.S.C. § 1341; and wire fraud in violation of 18 U.S.C. § 1343.

2. On March 27, 2012, Defendant Cardwell appeared with counsel in front of United States District Court Judge Skavdahl for an arraignment hearing. Defendant Cardwell entered pleas of not guilty. He was released on a $50,000 O.R. bond. Additional conditions were placed upon Defendant Cardwell, including the surrender of his passport and that he not seek to obtain a new passport while this case is pending.

3. Trial was set to begin on September 18, 2012. Co-defendant Michael J. Plake entered a guilty plea on September 17, 2012, and was sentenced on May 6, 2013.

4. On June 25, 2012, Defendant Cardwell applied for a U.S. Passport Book using the name of Paul D. Sappington, which was Cardwell's birth name. The application was determined to be "fraudulent," however, the U.S. Passport Office did not notify investigators involved in this matter until September 2012. Meanwhile, Defendant Cardwell was in regular contact with his Indiana attorneys and negotiating a plea agreement with the government. All parties were expecting a change of plea to occur the last week of August 2012, and representations were made that Defendant Cardwell had signed the plea agreement. Defendant Cardwell's attorneys were attempting to meet with Defendant Cardwell in Indiana the weekend before he was to travel to Wyoming for his change of plea. Defendant Cardwell resisted meeting his attorneys in person and claimed he had been taken to the emergency room in Tipton, Indiana, and might require surgery.

5. In truth and fact, as pieced together by investigators, Defendant Cardwell had left the country on July 22, 2012, using the passport of his brother-in-law, Joseph Tucker. Defendant

Cardwell parked his Bentley at Chicago's O'Hare airport and traveled to Hong Kong on a Cathay Pacific Airways flight.

      6.      On June 7, 2013, Defendant Cardwell was arrested in Hau Hin, Thailand, where he was living with his Thai girlfriend.  (Cardwell had another Thai girlfriend by which he has two children.)  Defendant Cardwell told investigators that he had "stolen" his brother-in-law's passport in order to get out of the country.  According to Defendant Cardwell, in early July 2012, Tucker had left his passport on a desk on desk in Tucker's home office in Indiana, and Defendant Cardwell simply swiped it.  Tucker did not report his passport as "stolen" until May 2013, claiming that he (Tucker) had last seen it in April of 2012.  Tucker did not file a police report regarding the missing passport.  Defendant Cardwell told authorities after his arrest in Thailand that he decided to "run" because he wasn't ready to sign a plea agreement for what he believed would be a 24-42 month prison sentence.

      7.      Between August 2012 and May 2013, Defendant Cardwell was in regular contact with his mother, and in turn, the FBI was in regular contact with her as well.  Agents encouraged Defendant Cardwell to turn himself in to avoid the extradition process and make his situation easier for him.  Through his mother, Defendant Cardwell repeatedly expressed that he "just wasn't ready" to turn himself in.  Defendant Cardwell's mother admitted to forging his name on the Wyoming plea agreement back in the Summer of 2012.

      8.      Subsequent to his removal from Thailand, on June 27, 2013, Defendant Cardwell was initialed in the Northern District of California before Magistrate Judge Laurel Beeler.  Defendant

Cardwell waived the identity/removal hearing and was committed to the District of Wyoming. With Defendant Cardwell's first appearance in the United States, the speedy trial clock began ticking. A strict reading of the Act would appear to have a deadline of August 6, 2013 for trial, primarily due to delays in the transport of Defendant Cardwell back to the District of Wyoming.

9. The government is not and cannot be prepared to go to trial on that date. It is presumptively unreasonable to hold a trial in less than two weeks, given the amount of preparation necessary. As it was unknown when Defendant Cardwell would re-surface in Wyoming, the government has not been preparing witnesses, nor are any of them under subpoena, as there was no certain trial date. There are at least 15 identified witnesses, many of them from out of state, who would need to be located and prepped for trial. Co-defendant Michael Plake will need to be removed from his federal facility through a writ of *habeas corpus*, which would be extremely difficult to accomplish by the 8th of August. One of the primary investigators in this case has retired and would need to be subpoenaed for the trial. The government was led to believe, in good faith, that a plea agreement was signed and a change of plea would occur. At that point, all preparation in this case ceased, and the agents and attorneys moved on to other matters.

10. Defendant Cardwell has caused all of the delay that has led up to his arrest two months ago, and but for his actions, this situation would not have occurred. There is also the matter of the uncertainty of Defendant Cardwell's representation by counsel. His attorneys were under retainer last year, prior to his absconding from bond, but it is unknown, as of this date, as to whether that representation will continue. Complicating matters is the fact that Defendant Cardwell was

subsequently indicted in the Northern District of Indiana after leaving the country, on charges similar to the ones issued in Wyoming. No attorney could be expected to get up to speed regarding Defendant Cardwell's overall situation and potential liabilities by the 8th of August.

11. The government believes that there is excludable time under 18 U.S.C. § 3161(h)(3)(A), as Defendant Cardwell deliberately absented himself from these proceedings for a period of nearly a year. The government submits it is in the best interests of justice to grant a continuance, and such action outweighs the best interest of the public and Defendant Cardwell in a speedy trial. *See,* 18 U.S.C. § 3161(h)(7)(A).

12. Counsel for the United States has not conferred with any of Defendant Cardwell's attorneys, as it is uncertain as to the current status of Defendant Cardwell's representation. The government has confirmed that Defendant Cardwell has been in communication with at least one of his attorneys since returning to the United States, however, that communication has been limited owing to the distance between Wyoming and Indiana.

**WHEREFORE**, the government respectfully requests the Court enter an order continuing this matter until such a date can be worked out to accommodate all parties and that all time between July 22, 2012 and June 27, 2013, be excluded from any speedy trial computation.

DATED this 29th day of July, 2013.

          Respectfully submitted,

          CHRISTOPHER A. CROFTS
          United States Attorney

By:   */s/ Lisa E. Leschuck*
      LISA E. LESCHUCK
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2013, a true and correct copy of the foregoing **MOTION TO SUSPEND ANY SPEEDY TRIAL SETTING** was electronically served upon counsel of record through the CM/ECF filing system.

        */s/Kelli R. Valerio*
        For the United States Attorney's Office