

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL D. CARDWELL, )<br>)<br>Defendant. )<br>) | Criminal No. 12-CR-81-F |

**ORDER GRANTING GOVERNMENT'S MOTION TO SUSPEND ANY SPEEDY TRIAL SETTING**

THIS MATTER is before the Court on the Government's Motion to Suspend Any Speedy Trial Setting. The Court has reviewed the motion and is fully informed in the premises. The Court FINDS and ORDERS as follows:

**Facts**

1. Defendant Carwell was indicted on March 15, 2012, for Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), Mail Fraud in Violation of 18 U.S.C. § 1341 and Mail Fraud in violation of 18 U.S.C. § 1343.

2. On March 27, 2012, Defendant Cardwell appeared with counsel in front of United States District Court Judge Skavdahl for an arraignment hearing. Defendant Cardwell

entered pleas of not guilty. He was released on a $50,000 O.R. bond. Additional conditions were placed upon Defendant Cardwell, including the surrender of his passport and that he not seek to obtain a new passport while this case is pending.

3. The Government alleges that on June 25, 2012, Defendant Cardwell applied for a U.S. Passport Book using the name of Paul D. Sappington, believed to be his birth name. The application was determined to be "fraudulent," however, the U.S. Passport Office did not notify investigators involved in this matter until September 2012. Meanwhile, Defendant Cardwell was in regular contact with his Indiana attorneys and negotiating a plea agreement with the Government. All parties were expecting a change of plea to occur the last week of August 2012, and representations were made that Defendant Cardwell had signed the plea agreement. Defendant Cardwell's attorneys were attempting to meet with Defendant Cardwell in Indiana the weekend before he was to travel to Wyoming for his change of plea. Defendant Cardwell resisted meeting his attorneys in person and claimed he had been taken to the emergency room in Tipton, Indiana, and might require surgery.

4. The Government alleges that Defendant Cardwell actually left the country on July 22, 2012, using the passport of his brother-in-law, Joseph Tucker. Defendant Cardwell parked his Bentley at Chicago's O'Hare airport and traveled to Hong Kong on a Cathay Pacific Airways flight.

5.      On June 7, 2013, Defendant Cardwell was arrested in Hau Hin, Thailand, where he was living with his Thai girlfriend. Defendant Cardwell told authorities after his arrest in Thailand that he decided to "run" because he wasn't ready to sign a plea agreement for what he believed would be a 24-42 month prison sentence.

6.      Between August 2012 and May 2013, Defendant Cardwell was in regular contact with his mother, and in turn, the FBI was in regular contact with her as well. Agents encouraged Defendant Cardwell to turn himself in to avoid the extradition process and make his situation easier for him. Through his mother, Defendant Cardwell repeatedly expressed that he "just wasn't ready" to turn himself in. Defendant Cardwell's mother admitted to forging his name on the Wyoming plea agreement back in the Summer of 2012.

7.      Subsequent to his removal from Thailand, on June 27, 2013, Defendant Cardwell was arrested and initialed in the Northern District of California before Magistrate Judge Laurel Beeler. Defendant Cardwell waived the identity/removal hearing and was committed to the District of Wyoming. With Defendant Cardwell's arrest and first appearance in the United States, the speedy trial clock began ticking again. Based on the speedy trial time that had expired prior to Defendant Cardwell leaving the jurisdiction, Defendant's speedy trial time expires on August 11, 2013.

8.      The Government asserts that is not, and cannot, be prepared to go to trial on that date. The Government argues that it is unreasonable to require the trial to go forward based on the current speedy trial time. There are at least 15 identified witnesses, many of them from out of state, who would need to be located and prepped for trial. Co-defendant Michael Plake will need to be removed from his federal facility through a writ of habeas corpus, which would be extremely difficult to accomplish within the current speedy trial time. One of the primary investigators in this case has retired and would need to be subpoenaed for the trial.

9.      The Government also asserts that it is unreasonable to believe that Defendant's counsel would be prepared for trial by August 11, 2013.

## **Analysis**

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or Defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S. Ct. 1976, 1983 (2006). However, the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which a trial must start. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S. Ct. at 1983. The Court may exclude time for any period of delay resulting from the absence or unavailability of the defendant. 18 U.S.C. § 3161(h)(3)(A). For purposes of this provision a defendant is "considered absent when his whereabouts are unknown and, in addition, he

is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B).  Additionally, 18 U.S.C. § 3161(h)(7)(A) directs the court that it may consider a continuance if the court finds that the ends of justice served by a continuance outweigh the best interest of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B) lists several factors that the court can consider to ascertain if the ends of justice are best served by a continuance.  One such factor, found at 18 U.S.C. § 3161(h)(7)(B)(I), asks the court to consider whether failing to grant a continuance would result in a miscarriage of justice.

The Court has previously excluded the time from the date that Defendant Cardwell absconded until the date that Defendant Cardwell was arrested.  (Doc. 45).  Additionally, pursuant to the Court's May 24, 2012, Order Granting Motion to Continue, the time from the filing of the Joint Motion to Continue, until Defendant absconded was also excluded from speedy trial calculation. (Doc. 34).  Therefore, the Government's request for the Court to exclude time between July 22, 2012 and June 27, 2013, will not provide the Government with additional relief, because this time has already been excluded based on prior orders. Pursuant to the Court's calculation, from March 27, 2012, when Defendant Cardwell first appeared in the district, until May 24, 2012, when the Court granted the Parties' Joint Motion to

Continue, forty (40) days of excludable time expired.[1]  As explained above, all time from May 24, 2012 to June 27, 2013 was excluded.  Defendant's time began to run again on June 28, 2013, but at that time he only had 30 days remaining on his speedy trial clock.  Defendant was then transported from California to Wyoming and arrived in Wyoming on July 29, 2013.  Pursuant to 18 U.S.C. § 3161(h)(1)(F), only ten (10) days was excluded from the speedy trial time calculation for Defendant's transport, therefore, taking into account excludable time while this motion was pending, Defendant's speedy trial clock currently expires on August 11, 2013.

**THE COURT FINDS**, based on all of the above, it is unreasonable to expect the Government or the Defendant to be ready for trial in this matter within the allowable speedy trial time. The Government needs adequate time to prepare for this case and to make sure that witnesses are available.  Requiring the parties to proceed to trial would result in a miscarriage of justice.  The Court finds that the ends of justice served by a continuance in this matter outweigh the best interests of the public and Defendant in a speedy trial.

**IT IS ORDERED** that trial in this matter is set for September 30, 2013.

**IT IS FURTHER ORDERED** that the period of delay from the date the Government filed this motion to exclude time, up to and until the trial date is a reasonable period of delay

---

[1] This includes several days of excludable time while various motions were pending.

necessary to assure that the Government and Defendant have appropriate time to prepare for trial, and such time shall be excluded from the speedy trial calculation.

Dated this  2nd  day of August, 2013.

_____
NANCY D. FREUDENTHAL
U.S. DISTRICT COURT JUDGE